# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2994

_____

Leonard Berg,      *
     *
         Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Northern District of Iowa.
Herbert Maschner, Warden;      *
Iowa Attorney General,      *
     *
         Appellees.      *

_____

Submitted:  April 13, 2001

Filed:  August 13, 2001

_____

Before WOLLMAN, Chief Judge, MAGILL, and MURPHY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

The district court[1] denied Leonard Berg's petition for a writ of habeas corpus based on his claims of improper admission of an involuntary confession and ineffective assistance of counsel. We affirm.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Judge for the Northern District of Iowa.

On the evening of June 8, 1984, police responded to a call from Berg's daughter reporting that Berg was threatening his wife in their home. When Berg's wife and daughter left the house and notified police that they believed he was inside searching for a gun, the police summoned additional units. Berg took his twelve-gauge shotgun from under an upstairs bed and loaded it with several deer slugs and, hearing sirens and fearing that he would be arrested, fled to the backyard. When Officer Bret Sunner came around the rear of the house carrying a flashlight, Berg fired at the flashlight. The slug struck Officer Sunner in the head, killing him instantly. Berg fired again, hitting the door of a police squad car parked nearby.

Berg was apprehended immediately and gave two confessions. A portion of the first confession was recorded on audiotape by one of the officers at Berg's house. On it, Berg can be heard saying "Who's hitting me?" Officers acknowledged that they had "screamed" the Miranda warnings at Berg, that they had threatened to kill him if he did not put his gun down, and that while he was giving the first confession, Berg was prone on the ground with an officer kneeling on his neck. The second confession was given in the squad car on the way to the police station.

At the station, Berg was booked and once again read his rights. Between an hour and an hour and a half after his second confession, Berg was interrogated for approximately two and a half hours by two officers who were aware of the shooting death of Officer Sunner but not of Berg's previous confessions. At a pre-trial suppression hearing, the Iowa state trial court found that the first two confessions were coerced and excluded them, but allowed the admission of the third. At trial, Berg's defense theory was that he was too intoxicated at the time of the shooting to form the requisite intent for first degree murder. The theory was supported by expert testimony, Berg's testimony, and the testimony of his wife. Berg was convicted by a jury and sentenced to life in prison without parole. After exhausting his state-law remedies,

Berg filed a petition for a writ of habeas corpus in federal district court, from the denial of which he now appeals.

## II.

Berg raises two issues on appeal. First, he contends that the trial court violated his rights under the Fifth and Fourteenth Amendments when it admitted his third confession into evidence after ruling that his first two confessions were coerced. Second, he contends that his trial counsel was ineffective for failing to offer expert witness testimony at the suppression hearing.

With respect to Berg's argument that his third confession should not have been admitted into evidence, the district court held that because the Iowa Court of Appeals applied the correct test under United States Supreme Court precedent and considered all of the relevant factors, its determination that the confession was voluntary was neither contrary to nor an unreasonable application of federal law. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (a federal court conducting habeas review of a state court determination of the merits of a claim must defer to that determination unless it is contrary to or an unreasonable application of Supreme Court precedent). We do not reach the question whether the Iowa court's ruling on the merits of Berg's evidentiary claims was constitutionally sound, however, because we conclude that even if the third confession was coerced, its admission was harmless error in view of the other evidence presented at trial.

"[W]e have held that, although a confession is a particularly potent piece of evidence against a defendant, its erroneous introduction may still be harmless where the other evidence against him was so weighty it assured beyond a reasonable doubt that the jury would have returned a conviction even absent the confession." United States v. Santos, 235 F.3d 1105, 1108 (8th Cir. 2000). The admission of a coerced confession is a trial error subject to the same harmless error analysis as other erroneous

admissions of evidence. Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996) (citing Arizona v. Fulminante, 499 U.S. 279, 310 (1991) (erroneous admission of an involuntary confession does not require reversal if, on review of the evidence as a whole, the error was harmless beyond a reasonable doubt)). The erroneous admission of a coerced confession "'may constitute harmless error when there remains overwhelming independent evidence as to the defendant's guilt.'" Flittie v. Solem, 751 F.2d 967, 974 (8th Cir. 1985) (quoting United States v. Packer, 730 F.2d 1151, 1157 (8th Cir. 1984)).

In this case, Berg's guilt in the shooting was an inescapable conclusion. The evidence before the jury demonstrated that Berg was apprehended almost instantaneously after the shooting. He had the murder weapon--his own, literally smoking, gun--in his possession, and some of the officers who apprehended him had witnessed the shooting. It is difficult to conceive of more compelling independent evidence of guilt.

Berg's contention that the precision, coherence and detailed nature of his third confession hampered his intoxication defense is unpersuasive. Berg argued at trial that he was too intoxicated to form the requisite intent for first degree murder. The jury heard ample independent evidence that Berg was not so impaired by his intoxication as he contended. Police officers who were at the scene and the doorman at the bar where Berg had been prior to the shooting testified that Berg did not appear to be intoxicated. Blood tests showed that Berg's blood alcohol level was 0.10 per cent. The effects described by Berg's expert assumed a level of more than 0.25 per cent, based solely on Berg's account of how many drinks he had consumed. Police witnesses refuted the testimony of Berg's wife that there were a number of empty beer cans at their home. Finally, as the state brought out in its cross-examination of Berg, his ability to load his gun and aim and fire two precise shots are inconsistent with the symptoms of the level of intoxication described by his expert, which included mental confusion, impaired motor coordination, and impaired perceptual accuracy. We

conclude that Berg would have been convicted even if the third confession had been excluded and that any error in its admission was thus harmless.

Berg also contends that the district court erred in denying him habeas relief because the Iowa Court of Appeals unreasonably applied federal law when it rejected his claim that his trial counsel was ineffective because of his failure to introduce expert testimony at the suppression hearing that Berg's extreme intoxication and passive personality combined to render him highly suggestible and susceptible to coercion. To prevail on his ineffective assistance claim, Berg must show (1) that his counsel failed to perform adequately, and (2) that prejudice occurred as a result. Strickland v. Washington, 466 U.S. 668, 693-94 (1984). Prejudice occurs only when there is a reasonable probability that the result of the proceeding would have been different but for counsel's failure. Id.

Assuming arguendo that Berg's counsel performed inadequately in not calling an expert witness at the suppression hearing, the only result of this failing would have been the improper admission of the third confession. In light of our holding that the admission of the confession was, at most, harmless error, there is no reasonable probability that its exclusion would have altered the result of Berg's trial. Thus, Berg's ineffective assistance of counsel claim fails.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.